**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                     **Case Number 3:07cr05/RV**

**TOMMY HINSON**

_____

**PROTECTIVE ORDER PURSUANT TO SECTION 3 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT**

This matter comes before the Court upon the Government's Motion

for Protective Order to prevent the unauthorized disclosure or dissemination

of classified national security information and documents by the defendant,

Tommy Hinson, or his counsel, which may be in the possession of the

defendant, or which will be reviewed by, made available to, or is otherwise

in the possession of, the defendant or his counsel prior to, during, or after the

prosecution of this case.

Pursuant to the authority granted under Section 3 of the Classified

Information Procedures Act, 18 U.S.C. App. III (2000) (CIPA); the Security

Procedures Act, established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the

Chief Justice of the United States for the Protection of Classified

Information, (reprinted in 18 U.S.C. App. III, § 9 note); Rules 16(d) and 57

of the Federal Rules of Criminal Procedure; the general supervisory

authority of the Court; and in order to protect the national security, the

following Protective Order is entered:

     1.     The Court finds that this case will involve information that has

been classified in the interest of national security, pursuant to Executive

Order 12958, as amended[1]. The storage, handling, and control of this

information will require special security precautions mandated by statute,

executive order, and regulation, and access to it will require the appropriate

security clearances and a "need to know," as defined in section 6.1(z) of

Executive Order 12958.  The purpose of this Protective Order is to establish

procedures that must be followed by counsel and the parties in this case, as

well as by Court personnel and all other individuals who receive access to

national security information or documents in connection with this case.

---

[1]Executive Order 12958 was amended by Executive Order 13292.  See Exec. Order 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003).  All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292.  See Exec. Order No. 12958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. §435 note at 180 (Supp. 2006).

The procedures set forth in this Protective Order are intended to govern all phases of this case, including the time period preceding the indictment in this case, and all post-indictment proceedings.  Accordingly, these procedures shall apply to all pre-indictment, pretrial, trial, and post-trial (including appellate) matters in this case, and may be modified from time to time by further order of the Court acting under CIPA, the Federal Rules of Criminal Procedure, and the Court's inherent supervisory authority to ensure the proceedings in this case are fair and expeditious.

2.      As used in this Protective Order, the terms "classified national security information and documents," "classified information" and "classified documents" refer to:

a.      any classified document or information which has been classified by any Executive Branch agency in the interests of the national security or pursuant to Executive Order 12958, as amended by Executive Order 13292, or predecessor Orders, as "Confidential," "Secret," or "Top Secret," or additionally controlled as "Sensitive Compartmented Information" (SCI), or any information contained in such document;

b.      any document or information, regardless of its physical form or

3

characteristics, now or formerly in the possession of a private party, which has been derived from United States Government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order 12958, as amended by Executive Order 13292, or predecessor Orders as "Confidential," "Secret," or "Top Secret," or additionally controlled as "Sensitive Compartmented Information" (SCI);

      c.     verbal classified information known to the defendant or defense counsel as a matter of personal knowledge and not involving information described above;

      d.     any information, regardless of place of origin, including "foreign government information," as that term is defined in Executive Order 12958 that reasonably could be believed to contain classified information; or

      e.     any document or information as to which the defendant or defense counsel have been notified orally or in writing that such document or information contains classified information.

      3.     The words "document" or "information" as used in

4

this Order include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

a.     papers; correspondence; memoranda; notes; letters; telegrams; reports; summaries; inter-office and intra-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telefacsimiles; invoices; worksheets; transcripts; and drafts, alternations, modifications, changes and amendments of any kind to the foregoing;

b.     graphic or oral records or representations of any kind, including, but not limited to, photographs; charts; graphs; microfiche; microfilm; videotapes; sound recordings of any kind; and motion pictures;

c.     electronic, mechanical, or electric records of any kind, including, but not limited to, takes; cassettes; disks; recordings; films;

typewriter ribbons and word-processing disks or tapes; and information acquired orally.

4.      "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

5.      "Secure area" means a sensitive compartmented information facility accredited by a Court Security Officer for the storage, handling and control of classified information.

6.      Information in the public domain is ordinarily not classified. However, if classified information is reported in the media or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain.  And information reported in the media or otherwise in the public domain may be considered classified and subject to the provisions of CIPA if the information in fact remains classified and is confirmed by any person who has, or has had, such access to classified information and that confirmation corroborates the information in question.  Any attempt by the defense to use such information at trial or

in any public proceeding in this case shall be governed by CIPA and all provisions of this Protective Order.

7.     All classified documents and information contained therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

8.     In accordance with the provisions of CIPA and the Security Procedures, the Court designates Nathaniel Johnson as Court Security Officer for this case for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information or documents to be made available in connection with this case.  Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

9.     The Court has been advised that the Assistant United States Attorney Stephen P. Preisser and the Department of Justice attorney Clifford I. Rones have the requisite security clearances to have access to the classified documents and information that relate to this case.

10.    The defendant's counsel shall be given access to classified national security documents and information as required by the Government's discovery obligations and as necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order, and any other orders pursuant to CIPA, and upon receipt of the appropriate security clearance.  The defendant, Tommy Hinson, may also be given access to classified national security documents and information as required by the Government's discovery obligations and in accordance with the terms of this Protective Order, and any other orders pursuant to CIPA. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining from the Court – with prior notice to the Government – an approval for access to the appropriate level of classification and a need-to-know basis, and after satisfying the other requirements described in this Protective Order for access to classified information.  The substitution, departure, or removal for any reason from this case of defense counsel or anyone associated with the defense as an employee or witness or otherwise, shall not release that

person from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order.

11.     Unless already holding an appropriate security clearance, and approved for access to classified information in this case, for the purpose of establishing security clearances necessary for access to classified information that may be involved in this case, Standard Form 86 ("Security Investigation Data for Sensitive Position"), with appropriate releases, and full fingerprints shall be completed and submitted to the Court Security Officer forthwith by defense counsel, by all persons whose assistance the defense reasonably requires, and by such Court personnel as the Court requires for its assistance.  The Court Security Officer shall take all reasonable steps to process all security clearance applications.

12.     Before any person, including the defendant and his counsel – but not including Government counsel and appropriately cleared Court personnel, Department of Justice employees, and personnel of the originating agencies – may have access to classified national security information that may be involved in this case, he or she must also sign and swear to the Memorandum of Understanding ("MOU") appended to this

Protective Order.  Each person executing the MOU must file an executed

original with the Court and in addition must provide an executed original to

the Court Security Officer.

13.     Any pleading or other document filed by the defendant shall be

filed under seal with the Court through the Court Security Officer or his or

her designee, pursuant to the procedures described in ¶ 16 below, unless

defense counsel has obtained from the Court Security Officer permission,

specific to a particular, non-substantive pleading or document (e.g., motions

for extensions of time, continuances, scheduling matters, etc.) not containing

information that is or may be classified, to file the pleading or document on

the public record.

14.     The Court Security Officer shall arrange for an appropriately

approved secure area for the use of the defense.  The Court Security Officer

shall establish procedures to assure that the secure area is accessible to the

defense, and the defendant and authorized witnesses accompanied by

defense counsel, during normal business hours and at other times on

reasonable request as approved by the Court Security Officer.  The secure

area shall contain a separate working area for the defense, and will be

outfitted with any secure office equipment requested by the defense that is

reasonable and necessary to the preparation of the defendant's defense in

this case.  The Court Security Officer, in consultation with defense counsel,

shall establish procedures to ensure that the secure area may be maintained

and operated in the most efficient manner consistent with the protection of

classified information.  No documents containing classified information may

be removed from this secure area unless authorized by the Court Security

Officer with notice to the Court.

15.    The Court Security Officer shall not reveal to the Government

the content of any conversations she or he may hear among the defense, nor

reveal the nature of documents being reviewed by them, or the work

generated by them.  In addition, the presence of the Court Security Officer

shall not operate as a waiver of, limit, or otherwise render inapplicable, the

attorney-client privilege.

## Filing of Papers by the Defendant

16.    Any pleading or document to be filed by the defendant under

seal shall be filed with the Court through the Court Security Officer and

shall be marked, "Filed in Camera and Under Seal with the Court Security

11

Officer or Designee."  The time of physical submission to the Court Security Officer shall be considered the time of filing.  The Court Security Officer shall promptly examine such document and determine, in consultation with representatives of the appropriate agencies, whether the document contains classified information.  If the Court Security Officer determines that the document contains classified information, she or he shall ensure that that portion of the document – and only that portion – is marked with the appropriate classification marking and that the document remains under seal. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the Government any such pleading or other document; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

17.    All portions of all paper filed by the defense that the Court Security Officer determines do <u>not</u> contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record, unless otherwise sealed by the Court.

## **Filing of Papers by the United States**

18.     Those portions of pleadings or documents filed by the Government containing classified information shall be filed under seal with the Court through the Court Security Officer.  The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing.

19.     The Court Security Officer shall maintain a separate sealed record for those materials which are classified.  The Court Security Officer shall be responsible for maintaining the sealed records for purposes of later proceedings or appeal.

## **Protection of Classified Information**

20.     The Court finds that in order to protect the classified information involved in this case, any person other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, shall not be allowed to obtain access to, or be permitted by the Court to inspect and review, classified documents and information, unless and until that individual, including the defendant,

13

Tommy Hinson; Hinson's cleared counsel; and any potential witnesses at trial; shall first have:

a.      received from the Court Security Officer the appropriate security clearance for the level of the classified information involved in this litigation;

b.      a determination by the Court Security Officer of a need to know; and

c.      signed the Memorandum of Understanding, in the form attached hereto, thereby agreeing to comply with the terms of this Protective Order.

21.     The signed Memorandum of Understanding shall be filed with the Court.  The substitution, departure, or removal for any reason from this case of counsel for the defense or anyone later cleared and associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order.

## Access to Classified Information

22.     In the interest of national security, defendant Hinson may be excluded from access to classified information.  If they have obtained the appropriate clearances and have a need to know, counsel for the defendant, the defendant, Tommy Hinson, and any later cleared employees of counsel for the defendant, or cleared defense witnesses (hereinafter "the defense"), shall have access to classified information only as follows:

a.     All classified information produced by the Government to the defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the Court Security Officer.  No classified information shall be maintained by the defense in any place other than the secure area established by the Court Security Officer.

b.     The defense shall have free access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

c.     No persons, including the defense, shall copy or reproduce any classified information in any manner or form, except with the approval of

the Court Security Officer or in accordance with the procedures established

by the Court Security Officer for the operation of the secure area.

        d.     All documents prepared by the defense (including, without

limitation, pleadings or other documents intended for filing with the Court)

that do or may contain classified information, shall be transcribed, recorded,

typed, duplicated, copied, or otherwise prepared only by persons who have

received an appropriate approval for access to classified information, and in

the secure area on approved word processing equipment and in accordance

with the procedures approved by the Court Security Officer.  All such

documents and any associated materials (such as notes, drafts, copies,

typewriter ribbons, magnetic recordings, and exhibits) containing classified

information shall be maintained in the secure area unless and until the Court

Security Officer determines that those documents or associated materials are

unclassified in their entirety.  None of these materials shall be disclosed to

counsel for the Government.

        e.     The defense shall discuss classified information only within the

secure area or in another area authorized by the Court Security Officer;  the

defense shall not discuss classified information over any standard

commercial telephone instruments or office intercommunication systems,

including, but not limited to, the internet, or in the presence of any person

who has not been granted access to classified information in this case by the

Court.

      f.     The defense shall not disclose, without prior approval of the

Court, the contents of any classified documents or classified information to

any person not named in this Order, except to the Court, Court personnel,

and the attorneys for the Government, who have been identified by the Court

Security Officer as having the appropriate security clearances and the need

to know that information.  Counsel for the Government shall be given an

opportunity to be heard in response to any defense request for disclosure to a

person not identified in this Order.  Any person approved by the Court for

disclosure under this paragraph shall be required to obtain the appropriate

security clearances, to sign and submit to the Court the Memorandum of

Understanding appended to this Order, and to comply with all terms and

conditions of this Order.  If preparation of the defense requires that classified

information be disclosed to persons not named in this Order,

the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

g.      If counsel for the Government advises defense counsel that certain classified information or documents may not be disclosed to the defendant, then defense counsel, employees of defense counsel, and defense witnesses shall not disclose such information or documents to the defendant without prior concurrence of counsel for the Government or, absent such concurrence, prior approval of the Court.  Counsel for the Government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

### Classified Information in Defendant's Possession

23.      The Court has been advised by the Government that as a result of his employment, the defendant may possess classified information.  It is clear that the defendant has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information that he possesses as a result of such previous employment.  The government is entitled to enforce its agreements to maintain the confidentiality of classified information.  Consequently, pursuant to federal

18

common law and the ordinary principles of contract law, the defendant is hereby enjoined from breaching the terms of the secrecy agreements to which he has subscribed. Specifically, the defendant is prohibited from any future violations of the above-referenced secrecy agreements, and in particular is enjoined from disclosing any classified information to any unauthorized person during the pendency of this Protective Order. Nothing in this Protective Order shall be construed as a limitation on the government in filing additional criminal charges against the defendant in the event of an unauthorized disclosure of classified information, or instituting civil litigation to further enforce these agreements.

## Classified Information Procedures Act

24.     Procedures for the public disclosure of classified information by the defense shall be those provided in Section 5 and 6 of CIPA. The Court may issue additional Protective Orders as needed.

25.     Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and

possible referral for criminal prosecution.  Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and, in some cases, exceptionally grave damage to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Protective Order is to ensure that individuals authorized to receive classified information in connection with this case will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Protective Order.

26.     All classified documents and information to which the defense (including the defendant, cleared counsel for the defendant, and any later cleared defense counsel employees, or cleared defense witnesses) has access in this case is now and will remain the property of the United States Government.  The defendant, defense counsel, later cleared defense counsel employees, or cleared defense witnesses shall return all classified

information in their possession obtained through discovery from the

Government in this case, or for which they are responsible because of access

to classified information, upon demand of the Court Security Officer.  The

notes, summaries, and other documents prepared by the defense that do or

may contain classified information shall remain at all times in the custody of

the Court Security Officer for the duration of this case.  At the conclusion of

this case, all such notes, summaries, and other documents are to be destroyed

by the Court Security Officer in the presence of defense counsel.

27.    A copy of this Protective Order shall issue forthwith to defense

counsel, who shall be responsible for advising the defendant, defense

counsel employees, and defense witnesses of the contents of this Protective

Order.  The defendant, counsel for the defendant, and any other individuals

who will be provided access to classified information shall execute the

Memorandum of Understanding appended to this Protective Order, and

defense counsel shall file executed originals with the Court and the Court

Security Officer, and serve executed originals upon the Government.  The

execution and filing of the Memorandum of Understanding are conditions

precedent for the defendant, defense counsel, and any other person assisting

21

the defense to have access to classified information in this case.

ORDERED this 22nd day of March, 2007.


/s/ *Roger Vinson*
ROGER VINSON
SENIOR U.S. DISTRICT JUDGE